

FILED

2017 Sep-12  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE CHAMBLIN, JR.** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **CIVIL ACTION NO.** |
| **LIBERTY MUTUAL INSURANCE** | ) |
| **COMPANY, et al.** | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

COME NOW Defendant Liberty Mutual Insurance Company ("LMIC") and

Liberty Mutual Fire Insurance Company ("LMFIC"), improperly named in the

Complaint as Liberty Mutual Insurance Company (collectively, "Liberty")[1], by and

through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

hereby file this Notice of Removal, removing this civil action from the Circuit

Court of Jefferson County, Alabama to the United States District Court for the

Northern District of Alabama, Southern Division. This action is removable

pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship

between Plaintiff and Liberty, and the amount in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs. In support of its Notice of Removal,

---

[1] LMIC is not the proper entity in this lawsuit. LMFIC is the entity which underwrote and issued
the policy that is the subject of Plaintiff's Complaint. Out of an abundance of caution, LMIC
removes this lawsuit but reserves the right to assert that it is not a proper entity in this lawsuit
once this lawsuit is removed.

Liberty states as follows:

## PROCEDURAL BACKGROUND

1.     On or about June 5, 2017, Plaintiff Willie Chamblin, Jr. ("Plaintiff")
filed a Complaint in the Circuit Court of Jefferson County, Alabama, in the civil
action styled *Chamblin v. Liberty Mutual Insurance Company*, No. 01-CV-2017-
00196. True and correct copies of all process, pleadings, and orders filed in the
underlying action are attached hereto as **Exhibit A**.[2]

2.     Plaintiff's Complaint purports to assert claims for breach of contract,
bad faith, negligence, and wantonness arising out of a dispute over a homeowner's
insurance policy insuring Plaintiff's home, which was damaged by the April 2011
tornadoes. (*See generally* Complaint).

3.     To date, the Summons and Complaint have <u>not</u> been served on
Liberty. On or about June 12, 2017, Plaintiff sent the Summons and Complaint to
"Liberty Mutual Insurance, 100 Corporate Parkway, Suite 228, Birmingham,
Alabama 35242," which is not "an officer, a partner (other than a limited partner),
a managing or general agent, or any agent authorized by appointment or by law to
receive service of process" of Liberty. *See* **Exhibit B**; Ala. R. Civ. P. 4(c)(6).

---

[2] While 28 U.S.C. § 1446(a) only requires that "a copy of all process, pleadings, and orders
**served upon** such defendant or defendants in such action" be filed with the Notice of Removal,
since Liberty has not been properly served with any process, pleadings, and/or orders, Liberty
submits all documents filed in the state court proceeding out of an abundance of caution. *See* 28
U.S.C. § 1446(a) (emphasis added).

Liberty's legal department first received notice of this lawsuit through Corporation Service Company on or about August 23, 2017 in connection with a default judgment hearing notice. *See* **Exhibit C**.

4.     Accordingly, because Liberty has not been properly served to date, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999) (holding that thirty-day period for removal begins from the date the summons and complaint are <u>served</u> on a defendant, not when a defendant receives notice of a lawsuit) (emphasis added).

## DIVERSITY OF CITIZENSHIP

5.     Plaintiff is a resident and citizen of Jefferson County, Alabama. (*See* Compl., at ¶ 1).

6.     LMIC is a Massachusetts corporation with its principal place of business in Massachusetts. LMIC is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

7.     LMFIC, the proper entity, is a Wisconsin corporation with its principal place of business in Massachusetts.  LMFIC is not now, and was not at

the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

8.    Consequently, there is complete diversity of citizenship between Plaintiff on the one hand, and LMIC and LMFIC, on the other hand.

## AMOUNT IN CONTROVERSY

9.    Liberty denies the allegations of Plaintiff's Complaint and denies that it is liable for any damages to Plaintiff. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. § 1332. Here, judicial experience and common sense dictate that the amount in controversy put forth in Plaintiff's complaint easily exceeds $75,000.00.

10.    Plaintiff's claims arise from damages suffered by Plaintiff in April 2011 as a result of a tornado which forced Plaintiff to vacate his home. (Compl., at ¶ 5). While Plaintiff does seek an express sum of damages in his Complaint, he submitted an Application and Affidavit for Entry of Default Judgment on or about August 1, 2017 (the "Application for Default"). A copy of the Application for Default is attached hereto as **Exhibit D**. In the Application for Default, Plaintiff states that he is seeking a judgment from Liberty of <u>$725,000</u>. (*Id.*).[3]

---

[3] Moreover, Plaintiff brings a claim for bad faith against Liberty, and under Alabama law, punitive damages are recoverable when a party succeeds on their bad faith claim. *See Tucker v. Northbrook Indem. Co.*, No. 2:13-CV-1857-WMA, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7,

11.    Consequently, based upon the allegations of Plaintiff's Complaint and Application for Default submitted by Plaintiff, "judicial experience and common sense" dictate that it is more likely than not that Plaintiff's Complaint places more than $75,000 in controversy.

### THE OTHER REMOVAL PREREQUSITES HAVE BEEN SATISFIED

12.    Because Liberty was not served with a copy of the Summons and Complaint, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

13.    Liberty has sought no similar relief with respect to this matter.

14.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15.    Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

16.    A Notice of Filing Notice of Removal, a copy of which is attached hereto as **Exhibit E**, will be promptly filed with a stamped copy of this Notice of Removal attached with the Circuit Clerk for the Circuit Court of Jefferson County, Alabama.

17.    The allegations of this Notice are true and correct and this cause is

---

2013). "[T]he amount-in-controversy requirement includes all possible damages recoverable, including punitive damages." *Id.*; *see also Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995) ("Punitive damages, if available, are to be considered by the court in determining the amount in controversy"). While Plaintiff's Complaint is far from a model of clarity, it seeks damages based on his bad faith claim which would include punitive damages. (*See* Compl., at ¶ 12). Therefore, these damages must also be included in the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine amount in controversy)

within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division, and this cause is removable to the United States District Court for the Northern District of Alabama, Southern Division.

18.     If any question arises as to the propriety of the removal of this action, Liberty requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Liberty respectfully gives notice that this action has been removed from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division for the county in which this action is pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted by,

Jeffrey M. Grantham
Joshua B. Baker
Joshua R. Hess
*Attorneys for Defendant Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company*

OF COUNSEL:

04143867.1                                        - 6 -

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Ave. North
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will serve by U.S. Mail, postage prepaid and properly addressed, the following:

Willie Chamblin, Jr.
4825 Yonderhill Drive
Birmingham, AL 35207

OF COUNSEL